McMAHON v. SPITZER.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2024. Decided May 21, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

REAL ESTATE—Contracts (150 F2)

(510 F5) Fact that tenant is in possession of property offered for sale, does not remove it from realm of those things about which false representations may be made.

(510 C3) Where offer to purchase real estate has been made by reason of representation of seller's agent regarding property and lease thereon, and these representations are not justified by facts, specific performance of contract growing out of such offer will not be enforced, and although plaintiff may not, himself, have knowledge of such representation, yet, in seeking benefit of contract made by his agent, he is bound by representation so made.

Appeal from Common Pleas.

Decree for Defendant.

Tyler, McMahon, Smith & Wilson, Toledo, for McMahon.

Seeley & Wolfe and Ralph Emery, Toledo, for Spitzer.

STATEMENT OF FACTS.

This action is one brought for specific performance and resulted in a decree for the defendant from which the plaintiff has taken an appeal to this court.

In August, 1927, the plaintiff was the owner of a portion of lots numbered 56 and 57 in the City of Toledo lying east of the Maumee River and he placed the property for sale with a realty company in the city. About August 20, 1927, Milton J. Kane, a representative of that company, called on the defendant and offered to sell him the lots at the price of $30,000.00. They had some discussion regarding the property and late in August went over to East Toledo and examined it. After their return the defendant wrote a letter, dated August 31, 1927, to the real estate company having the lots for sale, making an offer of $27,000.00 therefor, the letter being as follows:

"Gentlemen:

I have been talking with your representative about buying a lot at the corner of Starr Avenue and Platt Street, East Toledo.

This lot is now occupied by the Johnson Oil & Refining Company, and he tells me that they have a ten-year lease on this lot for which they are to pay $159.17 per month for the first five years, $164.17 per

month for the next two years and $174.17 for the next three years. He tells me further that the taxes on this property for the last year have been only $200.00, and on the strength of this, I will give $27,000.00 cash when an abstract is furnished me, showing the property is clear and free from all encumbrances. The abstract to be entirely satisfactory to my attorneys, showing a clear and undisputed title.

This offer is good until 12 o'clock noon, Saturday, September 3rd, 1927.

The lease is to be also approved by my attorneys and in accordance with the above statement.

Respectfully yours,
A. L. Spitzer."

The proposition as made by the defendant was accepted in writing on September 1, 1927, by the plaintiff upon the terms stated in the written offer. On September 2, 1927, the defendant wrote to the realty company declining to complete the purchase, his letter being in the language following:

"Dear Sirs:

I am writing to confirm the conversation I just had with your representative in regard to the lot at Starr Avenue and Platt Street which I have been contemplating purchasing.

You will remember that I made my offer on this lot with the distinct understanding that the Johson Oil and Refining Company were paying $159.17 as rental per month for the first five years and $164.17 per month for the next two years and $174.17 per month for the last three years. I now find that the lease which you submitted to me shows that they are only paying $125.00 rental per month for the first five years and $140.00 per month for the next two years and $150.00 per month for the last three years, and I therefore, would not care to buy the property at the price agreed upon.

The papers which you left with me and my attorney I will hold subject to your order.

Yours very truly,
A. L. Spitzer."

RICHARDS, J.

The evidence has had the careful consideration of this court and from this evidence the court is convinced that the property was represented to the defendant by plaintiff's agent to be vacant and that the amount represented by him to defendant as rental was not the rent named in the leases but was that rent plus 8% interest on the amount advanced by plaintiff for the purpose of erecting a gas-filling station on the lots. Although the gas station had been erected before Kane and the defendant inspected the property, the former expressed surprise that they had it erected, and when Spitzer inquired if the oil company had the right to remove it at the expiration of the lease, Kane replied he didn't know. The statements made by Kane and the circumstances show that the defendant believed and was justified in believing that the oil company had erected the station. The fact that a tenant is in possession of property offered for sale does not remove it from the realm of those things about which false representations may be made.

We think it clear from the evidence in this case that the defendant's offer of $27,000.00 was made by reason of representations of plaintiff's agent regarding the property and the lease thereon, and these representations were not justified by the facts, and although the plaintiff did not himself have knowledge of such representations, yet, in seeking the benefit of the contract made by his agent, he is bound by the representations so made. Mulvey v. King, 39 Ohio St., 491.

The offer made by the defendant and accepted by the plaintiff included as one of its conditions a provision that the abstract should be to the satisfaction of defendant's attorneys, and that the lease should also have their approval. The attorneys, acting in good faith and on sufficient cause, declined to approve the abstract or opinion of title and declined to approve the lease, and their decision was final.

For the reasons given the petition will be dismissed and a decree entered for the defendant.

(Williams and Lloyd, JJ., concur.)